RECEIVED CLERK

JAN 0 5 200

**U.S. DISTRICT COURT**

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 1 4 2011

D. MARK JONES, CLERK

BY_____
DEPUTY CLERK

JAMES HEAD
Attorney Pro Se
Utah State Prison
P.O. Box 250
Draper, Utah  84020

---

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| JAMES HEAD, <br><br>     Plaintiff, <br><br> v. <br><br> DR. KENNON TUBBS, Medical Doctor, at the Utah State Prison, individually; Dr. SYDNEY ROBERTS, Medical Doctor, at the Utah State Prison, individually; JOHN DOES 1-10, Members of the Clearance Review Committee, and employees at the Utah State Prison, individually, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 

Case: 2:11cv00019
Assigned To : Waddoups, Clark
Assign. Date : 1/5/2011
Description: Head v. Tubbs et al

CIVIL RIGHTS COMPLAINT AND
DEMAND FOR JURY TRIAL

---

## JURISDICTION

1.      Plaintiff, James Head,  is a citizen of Utah, who presently resides at the Utah

State Prison, P.O. Box 250, Draper, Utah  84020.

2.      Defendant Kennon Tubbs, M.D.  is a citizen of Utah, and is employed as a

Medical Doctor at the Utah State Prison for the Utah Department of Corrections.  At the

time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Medical Doctor at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

3.     Defendant Sydney Roberts, M.D. is a citizen of Utah, and is employed as a Medical Doctor at the Utah State Prison at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Medical Doctor for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

4.     Defendant John Does 1-10, whose true names are unknown but are members of the Medical Clearance Review Committee, and when true names are ascertained the pleadings will be amended accordingly, are citizens of Utah, and are employed at the Utah State Prison. At the time the claim(s) alleged in this complaint arose, these defendants were acting under color of state law in that they are employees for the Utah Department of Corrections and are directly responsible for wrongful actions alleged herein.

5.     Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1343 (3); 42 U.S.C. 1983.

2

## **B. NATURE OF CASE**

6.     Plaintiff complains that Defendant Dr. Tubbs, with deliberate indifference to his serious medical condition denied adequate medical treatment for a herniated disc resulting in the disc rupturing at L2-L.3.

7.     Prior to plaintiff being incarcerated he suffered a back injury while in the mines.

8.     In or about June, 2010, plaintiff began experiencing weakness and severe pain in his back. Plaintiff was having trouble getting up to the top bunk and climbing up and down the stairs to the top tier. On several occasions plaintiff requested a bottom bunk and bottom tier clearance from the medical staff in the Oquirrh facility. Plaintiff was denied the clearances based on the medical staff claiming nothing was wrong with the plaintiff.

9.     On July 23, 2010, plaintiff was at the Infirmary at the Utah State Prison. Plaintiff claims that Defendant Tubbs, without examining him, diagnosed Plaintiff with a sprain/strain and said that inmate's lie about their medical conditions just to get pain medication. Plaintiff was given and shot and returned to his original housing unit. Prior to plaintiff leaving the infirmary he again requested a bottom bunk, bottom tier clearance. Plaintiff was ignored. When plaintiff arrived back at his housing unit, the housing officer moved him to the bottom tier without the clearance. However, plaintiff was not cleared for a bottom bunk.

3

10.     Plaintiff's medication was delivered to him by the medical technician at his cell for the next few days. On July 27, 2010, plaintiff was informed by Officer Walker over the cell intercom that Med. Tech. Mark Mook stated the doctor wanted the plaintiff to walk, so plaintiff had to make his way to pill line if he wanted his medication.

11.     On or about July 20, 2010, after standing in the shower, plaintiff's legs buckled and he collapsed to the floor. Plaintiff was taken to the Oquirrh 5, guard station and seen by Physician Assistant, Logan Clark, at about 10:00 a.m. For the third time, plaintiff requested a bottom bunk, bottom tier clearance and further requested a wheel chair to get around. Plaintiff explained to P.A. Clark about the previous denied requests. At approximately 2:00 p.m., plaintiff was transferred and admitted to the Infirmary.

12.     On or about August 4, 2010, an MRI was performed and plaintiff was informed of the result by Defendant Tubbs on August 5, 2010.

13.     The same day, August 5, 2010, plaintiff was transported to the University Medical Center, sitting upright in the back of a compact car. Plaintiff underwent surgery of the herniated and rupture disc at L2-L3, with part of his hip bone being removed.

14.     Plaintiff claims that as a result of the deliberate indifference to his serious medical needs and denial of the bottom tier and bottom bunk clearance caused additional strain to his back when he had to walk up and down the stairs and climb up and down from the top bunk. By the end of the day, plaintiff's back pains were worse; plaintiff's legs and

4

knees would give out from going up and down the stairs.  As a result, plaintiff's herniated disc ruptured and compressed his spinal cord causing paralysis in his lower extremities. Plaintiff now has to use a wheel chair and has a "wheel chair' pusher assigned to him.

15.     Plaintiff requested the bottom bunk and bottom tier clearance because of the pain and in an attempt to prevent more serious injuries to his back by having to climb to the top bunk without a ladder and having to walk up and down the stairs to the top tier to get medication.

16.     On or about October 21, 2010, plaintiff was informed by Defendant Dr. Roberts that he was supposed to be walking, instead of being in a wheel chair.  Plaintiff informed Defendant Roberts that his left leg had atrophy and he wasn't stable standing on his legs.  Plaintiff explained to Defendant Dr. Roberts that when he attempts to stand his left femur bone jams into his left hip joint causing severe pain and suffering.   Defendant Dr. Roberts stopped plaintiff's pain medication on October 21, 2010, causing plaintiff to suffer needlessly from the pain.  Dr. Roberts violated the plaintiff's rights by failing to ade3quatley provide plaintiff with proper medical treatment and medication resulting in plaintiff being subjected to cruel and unusual punishment.

17.     Dr. Tubbs violated plaintiff's constitutional rights to be free from cruel and unusual punishment and violated plaintiff's right to adequate medical care for his serious medical condition and needs when he failed to provide plaintiff with a clearance for a lower

5

bunk and lower tier. Further, Defendant Tubbs failed to physically examine or provide testing to determine the cause of plaintiff's pain and to determine what medical treatment was needed when plaintiff informed Defendant Dr. Tubbs about the pain in his back which was radiating down his legs.

18.     Defendant John Does 1-10, members of the Clearance Review Committee violated the plaintiff's rights by failing to investigate the reason why plaintiff was continuing to request a medical clearance for a lower bunk and bottom tier and denying the clearance outrights. Defendant John Does 1-10, Member of the Clearance Review Committee, with deliberate indifference to plaintiff's serious medical condition denied him housing conditions that would have alleviated the strain on plaintiffs back from having to climb up and down the stairs and up and down from the top bunk.

19.     Due to the Defendants' actions plaintiff has suffered cruel and unusual punishment and subjected the plaintiff to suffer additional pain and suffering and plaintiff is entitled to punitive damages.

## C. CAUSE OF ACTION

20.     Plaintiff alleges that the following constitutional rights, privileges or immunities have been violated and that the following facts form the basis for the allegations:

1.     Count I:  Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Dr. Tubbs in that Dr. Tubbs failed to provide

6

adequate medical care for plaintiff's serious medical condition and failed to provide plaintiff with a clearance for a lower bunk and lower tier.   In addition, Defendant Tubbs with deliberate indifference failed to physically examine or provide testing to plaintiff's pain and to determine what medical treatment the plaintiff needed.

   2. Count II: Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Defendant Roberts' actions in that he displayed deliberate indifference to plaintiff's serious medical needs by stopping the pain medication and requiring plaintiff to stand and/or walk on his unstable legs.

   3. Count III: Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Defendant John Does 1-10, Members of the Clearance Review Committee, deliberately denied a medical clearance for a bottom bunk and bottom tier.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

21. Plaintiff has not filed any other law suits in state or federal court dealing with the same facts involved in this action.

22. Plaintiff has previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of herein to no avail.

## E.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a)      Trial by jury.

b)      That counsel be appointed to represent the Plaintiff in this action.

c)      Punitive damages in the amount of $10,000.00.

d)      Compensatory damages in the amount of $10,000.00.

e)      Grant attorney fees and court costs for this action.

f)      Such other and further relief the court deems just and proper.

DATED this 15 th day of December , 2010.

James Head
Plaintiff

8

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above

action, that he has read the above complaint and that the information contained therein is

true and correct. 28 U.S.C. Sec. 1976.  18 U.S.C. Sec. 1621.

EXECUTED at ____15ᵗʰ____ on ___December___, 2010.

_James Hood_

9

Decloration of Frank L. Sindar

ON are About The End of June are The first of July 2010 James Head was moved from upstairs To H-Dorm Downstairs because he was haveing back problems for some time and The Dr's at The prison Told mr Head They would give him a lower Tire bottme bunk clearance for some Time but never Did.

It was not untell all of The climbing of The staiers That keep Irritating his back.

After mr Head's back went out The med Tec's came and would give him his med's and Told him not To get out of Bed for at least 3 day's and after 3 day's mr Baker would push mr Head down To pill line and after about 3 day's mr Head was Told he was To walk down To pill line and That was Dr's orders and if he was caught useing a wheel chair he would recive a wright up and so would The person he borrowed The chair from.

Leaving him in a catch 22, mr Head was in To much pain To walk and if he didn't go To pill line The prison would Tell him he was refuseing his med's and he was in To much pain with out them.

There is no Excuse for Deliberate indiffrens of any ones medacle need.

I, Declar under penaltie of per Jury 28 USC Section 1746 That The foregoing is True and correct To The Best of my Knowledge.

Dated This day of Sep 25th 2010

Frank L. Sindar   #163181
Frank L. Sindar

## Declaration of Robert Baker
### in support of James Head.

I have known James Head since approximately May of 2005. In this time I have come to believe Mr. Head to be an honest, credible, and forthright person, with little - if any - malice towards others.

Sometime between the end of June and the first part of July (I'm not sure of these dates), James was moved from E-dorm to H-dorm in the Oquirrh Five facility. I believe this was done by the Housing Officers to accomodate Mr. Head, who was suffering from complications to a previous back injury.

James was extremely happy to find that I, his friend, had a bunk just next to his new bunk in H-dorm. After telling me the circumstances as to why he had been moved, James asked if I would be willing to assist him to the bathroom, or shower, and to other places he needed to go. I was happy to help him in any way I could.

As I watched James put his personal items away, I notice that he seemed to favor his left side, he also seemed to suffer with extreme pain as he moved. When I would help him to the bathroom

① over → For page ②

I would support his left side as he slowly struggled the 80 or so feet to the bathroom. Over the next few weeks James seemed to get worse each day, until, in the end, he was pretty much dragging his left foot and leg.

During this time I would bring James his meals from the Chow-hall to the dorm, and keep him company as he ate.

I also assisted James to Pill-line to get his medications. I would borrow a wheelchair from another disabled inmate and wheel him to and from the Medrooms at Oquirrh five.

Both James and I verbally; and I believe James also made written requests, for the use of a wheelchair to facilitate his required movements (ie. to the bathroom, pill-line, etc...). The Med-techs said the requests were submitted, but a wheelchair was never forthcoming, nor were we able to confirm the Med-techs allegations that our request had been forwarded.

During one trip to pill-line, after James again requested the use of a wheelchair, the two Med-techs (names unknown) told him that he was to remain in his bunk, and they would deliver his meds to him in the dorm. This worked okay for his meds, but I was still having to, almost, carry him to and from the bathroom.

② next →

After the next shift change for the Med-techs, I stopped by that morning to be sure they knew that James Head's meds were being delived to the dorm. At this time, I was informed by Med-tech Mark (last name unknown); in a very contentious and belligerent manner, that James Head would not be getting a wheelchair, that James would no longer attempt to manipulate the system, that he, James, would walk to Pill-line to receive his meds, and if any inmate loaned James a wheelchair, that he, the person that loaned the wheelchair, would lose the use of a wheelchair also.

In these two or three weeks that I was assisting James, I watched his health deteriate as his pain increased. He became weaker on his left side each day. I also saw him fall as he stepped over the threshold of the shower as his left leg gave way.

These are my observations and personal opinions, and I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowlege.

Respectfully submitted the 26th day of September, 2010.

Robert R. Buhn
Off. # 166051

③ end

## UTAH STATE PRISON  ·  CLINICAL SERVICES BUREAU
## MEMORANDUM

**TO:** HEAD, JAMES          **OFF #:**147204          O5 E E 20

**FROM:**    MEDICAL CLEARANCE REVIEW COMMITTEE
**SUBJECT:** DENIAL OF REQUESTED MEDICAL CLEARANCE
**DATE:**    9 JULY 2010

This memo is to inform you that your request for a

BOTTOM BUNK

has been reviewed by the Clearance Review Committee
and has been denied at this time.
If you wish to discuss the denial of your clearance request,
please submit an Inmate Care Request (ICR).

*Clearance*

**INMATE GRIEVANCE FORM** #0905-76-439          GF-1

osp-#147204

INMATE'S NAME James Head  USP #32495   HOUSING AREA Og.05, H-12

SECTION 1 - INFORMAL ACTION <u>To be completed by inmate</u>:

Specific nature of grievance (who, what, when, where and how): _____
Proper Medical Care — (Who) Medical Clearance Review Committee & Logan Clark. About getting Bottom Tier and Bottom Bunk Clearances. on 06/14/10 — On the Medical file I Requested the above clearances. On 06/22/10 I Saw Logan Clark — He Said He Would Submit Request for Clearances. Pains Increasing and condition worsened. I put in a Health Care Request again for the Same Bottom Bunk and Bottom Tier Clearances (charged twice) On a 2nd Medical Clearances and I saw Cody Carlton on 06/30/10. And Cody Carlton Said Logan Clark Never Submitted Any Clearances. The Medical Clearance Committee Denied my Requests on 9/22/10 — On 07/23/10 at 2:15 I Tried to go to Verbal and tried to Stand-up But Back and Legs gave Out And I Collaps

Identify those contacted regarding your grievance and state what YOU HAVE DONE to solve the issue: I Went to the Infermary Saw Dr. Tubbs 10 secs didn't get a chance to Request any thing — Another PRA in the Room to tell Me I was going Back at a 11:00am Movement and I asked Him For a Bottom Tier - Both Bunk Clearance and If He Would Call to Og.05 Sgt. Head to make a Move. When I got to Og.05, Put Said He Would Move Me on the ground FLOOR. But I have NO Written Clearances from the Medical Dept. and was Snubbed or Ignored the Gravity of Condition. I asked Nurse Mark Mochon Friday, For a Wheel Chair Cause I Have Severe pains in Low Back & Hip & Left Buttocks and all the Way down Left Leg and Both Legs. Now go out on Me - Can't Walk Saturday and Sunday at Pill Line Med techs Bring Me Meds. and I Request every day - Like today the 07/31/10 I Request a Wheel Chair — And Now My Left Leg is paralized at the Left Knee

What is the specific remedy you seek?: Adequate or Proper Concern and Concideration For Treatment - Blone of as a Muscle Strain when It's NOT Muscle - But As I Stated to ALL Staff - Eccept Tubb's Left after 10 Seconds - That 18 yrs. ago I Was in a Mining Accident and Have Herniated Discs L-4 L-5, S-I. So I DO KNOW the Differences when I See Proper Care Concern and Treatments - NOW My Left Leg is Parelized Because of Negligence of Medical Clearance Committee and Logan Clark NOT Submitting Request and (14 days) later Wont even give Me a Wheel and Clearances.

James Head  7/26/10
Inmate's Signature

RECEIVED
AUG 0 4 2010
MEDICAL

# INMATE GRIEVANCE FORM                                     GF-1
( Page 2 )

IF YOU HAVE NOT RESOLVED THE GRIEVANCE AT THE INFORMAL LEVEL AND WISH
TO APPEAL TO LEVEL TWO (FORMAL), THE INMATE MUST COMPLETE SECTION 2
AND FORWARD TO THE LEVEL ONE DTO WHO SHALL FORWARD IT WITH ALL LEVEL
ONE GRIEVANCE INFORMATION TO THE INMATE GRIEVANCE DTO FOR THE
DIVISION DIRECTOR'S OFFICE.

SECTION 2 --  FORMAL GRIEVANCE ACTION

To be completed by the inmate:

Why is the Informal Response unacceptable? (Be specific)

Your Reply didn't adress the Issues of gross
Medical Negligence + Even denying me a
wheel cheel and forced to walk with some one
Supporting my Lack of Balance with Excruiating
Severe pain of a Shattered L-2, L-3 Discs.
This Is the Deliberate Indifference's of Proper
medical care and the Now Severe loss of the
Right Leg strength and Right weakness by
50% and the Left Leg is No Response to Reflex,
of the ability to use or Move or Funtions Need
to Stand and Support My Balance or the
Quality of Usage of Normal Walking up to
23th July 2010. I am now Saying it was
unJust Medical assistance up to the 30th 2010
that Caused Serious Body damage of Now
being ADA, with good cause showing
for Deliberate Indifference and is
Not Resolved. Going to the Infirmary
and Hospital and Receiving this 1st Step
grievence on Wed. 11th 2010 It is No Fault
of My own on timely ness to Reply.

                                    James Reed 11th        2010
                        Inmate's Signature/Date   Aug

Dear FRANK:

10 Sept. 2010
James HEAD
147204
Wasatch D-BLK #104B

Here are Some More "Original" the state of going to the Infirmary fo 3 Wk's After finially (Spelling) I got P.m. mail and putting the Letters Out - Anyway Tonight Couldn't Sleep until I got this Needed work (off my Chest & Mind done) you ! And In small writing Sorry - Subpeona the (6) Six Cameras - THAT SHOW- Accident - Just Standing Up- Cracking a Nut I was told Between Hip and L-2, L-3 - Disc Caught in Between Jammed Facets Clearance Shattering DISC - 7 days of Hell Caught on "TAPE" - d Squish 05; prison Distroy C-D's 24 hrs a day 30 days a month - Sure they use them CD's tapes against us - How about a Guy Holding onto the arms others to Walk "Denied Wheel Chair" Had to borrow or Beg? "God Bless"         10 Sept 2010 -   James Head.

*(After the facts)*

# UTAH DEPARTMENT OF CORRECTIONS
## BUREAU OF CLINICAL SERVICES
## LEVEL ONE GRIEVANCE
## STAFF RESPONSE

GRIEVANCE NUMBER: 9908-76-439

INMATE NAME & NUMBER: James Head, # 147204

HOUSING: OQ 5 H-12

DATE: 8-6-10

Referring to wanting a clearance for a bottom tier, bottom bunk, these issues were addressed again on 7-30-10 at which time PA Clark found physical changes that occurred and you were admitted to the Infirmary for closer follow-up and review by Dr Tubbs. After you return from having surgery the request for such clearances can be re evaluated.

You may appeal this decision through a level 2 grievance per FDR 02/03.02.

*Pauline Sturdy RN*
Clinical Staff

Original:     Returned to Inmate
Copy:         Level One Grievance file

*(NOTE: 3) I certify this truth James Head 25th aug. 2010*

*(1st ★ NOTE: By Inmate James Head #147204 25th aug. 2010 For 7 days I suffered Cruel & Unual Suffering*



UTAH DEPARTMENT
**UDC**
OF CORRECTIONS

**Division of Institutional Operations**

State of Utah

**Thomas E. Patterson**
Executive Director

**Steven Turley**
Division Director

**Robyn Williams**
Deputy Director – Operations

**Alfred Bigelow**
Draper Site Warden

**Mike Haddon**
Deputy Director – Administration

August 26, 2010

Inmate James Head  #32495/147204
Wasatch D  104B
Utah State Prison
P.O. Box 250
Draper, UT  84020

RE:          **Level 2 Response**
                 Reference:  990876439

Inmate Head:

          I have reviewed your grievance.  You allege due to a back injury suffered in a mining accident you need a bottom bunk clearance.  You request adequate, proper concern for your medical condition.

          Your medical records show you have recently had surgery to correct a ruptured disk in your back. I hope you are starting to feel a little better.  It appears your medical condition is being adequately and properly addressed.

          You are currently assigned a bottom bunk in B block.  Dr. Garden has authorized a 6 month bottom bunk clearance for you.

          Your grievance remedy is resolved.

You may appeal the Level 2 decision by following the procedure outlined in FDr 02/03.04.

Billie Casper, Inmate Grievance Coordinator

A. C. Bigelow, Warden
Utah State Prison

76439

GF-3

GRIEVANCE FORWARDED
9·7·10
TO LEVEL 3

Page #

**INMATE COPY**

SUPPLEMENTAL GRIEVANCE PAGE

Reference No: 990876439

Subject Code: _____

Location Code: _____

Day/Month/Year: 1st Sept 2010

Level: #3 Grievance

1) Issue one June 14th 2010, by End of Day, Right Leg Tired and 06/22/2010 - Saw Logan Clark - He said "HE would Submit Request for Botton tier - Bottom - Bunk - 2nd Medical Kite for Bottom tier - Botton Bunk Clearance 06/30/2010 - given Miloxicam by Cody Carlton He put in for Bottom tier botton Bunk - Still Inmate Accounting Showed #3 Medical Kite's and Visit's and Denials of the Medical Clearance Committee - And #3 time for a Wheel Chair after 22nd July 2010. It Is with Great Gross Medical Negligence and Cruel and Unusual punishment - Medical Malpractice that is upon Med. Tech Mark Mech and Dr. Tubbs - "Diagnosis of A Sprained low - Back and By the way (with great - Medical Records from (2) Spine Institute's Model L-4 & L-5 with "good" Concervitive care for 18 yrs (tell me on what Level 1 or 2 Address Was the prior Injuries? But for 7 Day's - I Was "Forced and Told By Mark Mech and Dr. Tubbs "To Walk" on a L-2 and L-3 "Shattered" Disc - I've Been told the Disc Was ~~struck~~ "Chunks of Crab Meat" I Have as a Result 100% Paralized Left Leg and 50% Muscle Athrophy as well 60% Right Leg Strength Loss - And Even Today Medical Records Prove this By OBTAINED UofU Neuralists - And Neuro-Surgeon - faults Recogmend- ations and finding, Have and ~~are~~ ARE ALSO, Deliberate - Indifference to Proper Care and Concern "Before" arrival at UofU Medical - Refutable Permenant Injuries! Due Process Now [4th Amendment] GROSS Medical Negligence at USP. Medical Dept. from 23rd July 2010 to Dr. Tubbs - Said on Aug. 15 2010 - "Inmates Fake pains for meds" Me - Aug. 3rd 2010 "Stereotype"

James Head #147204                    1st Sept. 2010
INMATE'S SIGNATURE                        DATE

*(MUST BE FILLED OUT IN BLACK INK)*



# Utah Department of Corrections

**TOM PATTERSON**
Executive Director

**MIKE HADDON**
Deputy Director

## Hearing Office

5 October 2010

Inmate James Head #147204
Wasatch D #104

Inter-facility

RE: **Level Three Grievance Number 990876439**

I have reviewed your grievance and other relevant information. **There is no further administrative review available.** If you are dissatisfied with this response and wish to take further action, this level three grievance response will serve as evidence you have exhausted the administrative remedy process. **Your only recourse is to seek a judicial remedy.**

On October 5, 2010, I reviewed the above-noted grievance.   You allege you need a bottom bunk and tier clearance.  You request concern for your medical condition.

Medical records show you have been authorized for a bottom bunk and bottom tier clearance during August 2010. You are receiving on-going treatment for your medical problem, e.g., medication, physical therapy, etc.  I cannot find any evidence of medical negligence or deliberate indifference like you claim.

Your grievance is resolved.

*Craig Balls*
Hearing Office,
Utah Department of Corrections

Tracking #2010-316

## GRAMA Classification - PRIVATE

14717 South Minuteman Drive, Draper, UT 84020 • telephone (801) 545-5503 • facsimile (801) 545-5702



**State of Utah**

GARY R. HERBERT
*Governor*

GREG BELL
*Lieutenant Governor*

# Utah Department of Corrections
### DIVISION OF INSTITUTIONAL OPERATIONS

THOMAS E. PATTERSON
*Executive Director*

MIKE HADDON
*Deputy Director*

ROBYN WILLIAMS
*Deputy Director*

STEVEN TURLEY
*DIO Division Director*

October 4, 2010

Inmate James Head, # 147204
Utah State Prison—Wasatch D

Dear Inmate Head,

The ADA Review Committee recently reviewed your request for a "wheelchair pusher". This request has been approved and housing unit managers will assign a helper to you. If you have any further questions or concerns, please feel free to contact me at any time.

Sincerely,

Angie Stevens
DIO ADA Coordinator

CC:    Larry Bussio, Deputy Warden

**Patient:** HEAD, JAMES
**Housing:** SP WAS WD 1 04 B
**Rlse. Date:** 06/11/2013
**Age:** 59    MRN: **08787251**

**Offender #:** 147204
**Security Class:** 1-B
**Mth. To Rlse.:** 33.9
**Date of Birth:** 1951-02-12

**Allergies:**

**Active DX:** BACKACHE, UNSPECIFIED | PAIN IN JOINT INVOLVING MULTIPLE SITES | ALLERGIC RHINITIS | ROUTINE GENERAL MEDICAL EXAMINATION AT A HEALTH CARE FACILITY | CONSTIPATION | HEARTBURN | INFLAMMATORY DISEASES OF PROSTATE | MAJOR DEPRESSIVE DISORDER, RECURRENT EPISODE | ENCOUNTERS FOR ADMINISTRATIVE PURPOSES |

## Medical Issue Detail - ORDERED

**Selected DX**
BACKACHE, UNSPECIFIED (724.5 )

**Order    485598 | 7816042**               Updated By: rgarden | 08/26/2010   09:01
**Ordered by:**                   RICHARD GARDEN, MD **Date:** 08/26/2010 **Time:** 09:01
**Order Type:**                   WRITTEN BY PROVIDER
**Charted by:**                   RICHARD GARDEN, MD **Date:** 08/26/2010 **Time:** 09:01
**Confirmed by:**                 RICHARD GARDEN, MD **Date:** 08/26/2010 **Time:** 09:01
**Stat:**                         NO    **Nurse Note Req:** NO
**Refusals:**                     0

**Referenced ICR's:**                 **Description**           **Received Date**
                              No Linked ICRs Found

**Conditions**
**Medical Items:**    BOTTOM TIER
**Other Item(s)/
Comments:**    S/P discectomy bottom tier x 6 months.
**Valid Until:**    08/21/2011
**Clearance**

**By:**

        ⦿ **Accepted**  ⦿ **Rejected**

**Date:**

**Issued**
**By:**            **Date:**
**Returned**
**By:**            **Date:**

[ Back ]   [ Discontinue ]

MedicalIssueDetail.jsp

**Patient:** HEAD, JAMES                      **Offender #:** 147204
**Housing:** SP WAS WD 1 04 B                 **Security Class:** 1-B
**RIse. Date:** 06/11/2013                    **Mth. To RIse.:** 33.9
**Age:** 59   MRN: **08787251**               **Date of Birth:** 1951-02-12
**Allergies:** 🗋
**Active DX:** BACKACHE, UNSPECIFIED | PAIN IN JOINT INVOLVING MULTIPLE SITES |
ALLERGIC RHINITIS | ROUTINE GENERAL MEDICAL EXAMINATION AT A HEALTH CARE
FACILITY | CONSTIPATION | HEARTBURN | INFLAMMATORY DISEASES OF PROSTATE |
MAJOR DEPRESSIVE DISORDER, RECURRENT EPISODE | ENCOUNTERS FOR
ADMINISTRATIVE PURPOSES |

## Medical Issue Detail - ORDERED   ⑦   🖂

**Selected DX**
BACKACHE, UNSPECIFIED (724.5 )
**Order     485597 | 7816035**          Updated By: rgarden | 08/26/2010  09:01
**Ordered by:**                 RICHARD GARDEN, MD  **Date:** 08/26/2010 **Time:** 09:00
**Order Type:**                 WRITTEN BY PROVIDER
**Charted by:**                 RICHARD GARDEN, MD  **Date:** 08/26/2010 **Time:** 09:01
**Confirmed by:**               RICHARD GARDEN, MD  **Date:** 08/26/2010 **Time:** 09:01
**Stat:**                       NO   **Nurse Note Req:** NO
**Refusals:**                   0  🖻

**Referenced ICR's:**              **Description**              **Received Date**
                            No Linked ICRs Found

**Conditions**
**Medical Items:**    BOTTOM BUNK
**Other Item(s)/**    S/P discectomy bottom bunk x 6 months.
**Comments:**
**Valid Until:**      08/21/2011
**Clearance**
**By:**              ┌─────────────────┐
                     └─────────────────┘
                ⦿ Accepted  ⦿ Rejected


**Date:**            ┌─────────────────┐
                     └─────────────────┘
**Issued**
**By:**              **Date:**
**Returned**
**By:**              **Date:**


┌ **Back** ┐  ┌ **Discontinue** ┐

─────────────────────────────────────────────────

MedicalIssueDetail.jsp